

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2013

# Nina Shahin v. State of Delaware

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-2120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Nina Shahin v. State of Delaware" (2013). *2013 Decisions.* Paper 530.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/530

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-298                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2120
_____

CPA NINA SHAHIN,
                                        Appellant

v.

STATE OF DELAWARE; OFFICE OF MANAGEMENT AND BUDGET
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:07-cv-00643)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  July 22, 2013)
_____

OPINION
_____

PER CURIAM

    Nina Shahin, a frequent pro se litigant, appeals from the District Court's order

granting the defendants' motion for summary judgment.  Because this appeal does not

present a substantial question, we will summarily affirm the judgment of the District

Court.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In October 2007, Shahin filed an employment discrimination complaint in the District Court, alleging that the State of Delaware's Office of Management and Budget (the "State") evaluated her credentials at an "unreasonably low" level and denied her an interview for the position of Senior Accountant because of her age and national origin. She brought her claims pursuant to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Shahin also alleged that she was not hired in retaliation for filing previous charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

Following discovery, the State filed a motion for summary judgment or, in the alternative, a motion to dismiss. The District Court granted summary judgment to the State, holding that the State was immune from suit under the ADEA, that Shahin had not established a prima facie case of discrimination under Title VII, and that the record did not support her retaliation claim because there was no nexus between Shahin's filing of a charge of discrimination and the State's hiring decision.[1] Shahin timely appealed.

II.

---

[1] The District Court also denied as moot Shahin's motion for sanctions. To the extent that Shahin challenges this denial, we agree that the District Court did not abuse its discretion. See Luzadder v. Despatch Oven Co., 834 F.2d 355, 360 (3d Cir. 1987). Furthermore, the District Court properly denied as moot her motion for a jury trial, as "[n]o one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979) (quoting In re Peterson, 253 U.S. 300, 310 (1920)).

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's grant of summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Shahin first alleged that the State violated the ADEA by discriminating against her because of her age. The ADEA prohibits employers from refusing to hire persons because of their age. 29 U.S.C. § 623(a)(1). The Act's definition of employer specifically includes "a State or political subdivision of a State and any agency . . . of a State." 29 U.S.C. § 630(b)(2). The ADEA, however, does not abrogate the states' Eleventh Amendment immunity to suits by private individuals for damages. Kimel v. Fl. Bd. of Regents, 528 U.S. 62, 91 (2000). Here, the defendants are the State and one of its agencies, the Office of Management and Budget. Given that the defendants have not waived their Eleventh Amendment immunity, the District Court properly granted summary judgment to the State on Shahin's ADEA claim.

We analyze Shahin's Title VII claims pursuant to the familiar burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385-86 (3d Cir. 1999). Under

this framework, Shahin bore the initial burden of establishing a prima facie case of a Title VII violation.  See McDonnell Douglas Corp., 411 U.S. at 802.  If she did so, the burden would shift to the State to "articulate some legitimate, nondiscriminatory reason" for not hiring her.  See id.  Shahin would then have an opportunity to show that the legitimate reason offered by the State was pretextual.  See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

We agree that Shahin failed to establish a prima facie case of discrimination.  To establish a prima facie case, Shahin needed to show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action was under circumstances giving rise to an inference of discrimination.  See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).  Here, Shahin alleged that she was rated "unreasonably low" and not interviewed for the position of Senior Accountant because she is Ukrainian.  However, she failed to provide sufficient evidence of circumstances raising an inference of discriminatory action.  See id.  Notably, the record does not include any evidence that the State was aware of her Ukrainian origin.  Shahin did note that the position of senior accountant was filled by an "American."  This conclusory allegation, however, does not establish a "causal nexus between [her] membership in a protected class and the decision to not [] hire [her]."  Id. at 798.

Even if Shahin had established a prima facie case, we agree that her discrimination claim would nonetheless fail because the State articulated a legitimate, non-

4

discriminatory reason for its decision not to interview Shahin. See McDonnell Douglas Corp., 411 U.S. at 802. The State offered evidence that the individual hired for the position had significant accounting experience, including seven years of experience working for the State as either a senior accountant or account specialist. Furthermore, Shahin failed to point to evidence from which a reasonable fact-finder could conclude that the State's reason was pretextual. See McDonnell Douglas Corp., 411 U.S. at 802. To make a showing of pretext, Shahin needed "evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [the employer's] action." See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc). In an attempt to establish pretext, Shahin has suggested that the State hired an individual with political connections. However, sheer speculation of this sort is insufficient to withstand summary judgment. See Sarullo, 352 F.3d at 799-800.

We also conclude that Shahin failed to make a prima facie case of retaliation for filing previous charges of discrimination. To establish such a case, she needed evidence that (1) she engaged in activity protected by Title VII; (2) the State took an adverse employment action against her; and (3) there was a causal connection between the protected activity and the adverse action. See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006). However, Shahin did not point to evidence reasonably suggesting a causal link between her prior charges of discrimination and the State's decision not to

5

interview her. She provided no details about when these charges were filed, and the record is devoid of evidence that the individuals involved in the interviewing process had any knowledge of her prior charges. See Marra v. Phila. Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007) (a plaintiff may establish a cause connection by showing a close temporal proximity between the protected activity and the alleged discriminatory conduct, or by submitting "circumstantial evidence . . . that give[s] rise to an inference of causation."). Accordingly, the District Court properly granted summary judgment to the State.

IV.

For the reasons given, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.